# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

TOSHA DAWN HINES,                          3:16-cv-02407-BR

       Plaintiff,                    OPINION AND ORDER

v.

NANCY A. BERRYHILL,[1]
Acting Commissioner, Social
Security Administration,

       Defendant.

**MERRILL SCHNEIDER**
Schneider Kerr Law Offices
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

       Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1021

---

    [1]  On January 23, 2017, Nancy A. Berryhill was appointed the
Acting Commissioner of the Social Security Administration and
pursuant to Federal Rule of Civil Procedure 25(d) is substituted
as Defendant in this action.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**SARAH ELIZABETH MOUM**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2936

                    Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Tosha Dawn Hines seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

Plaintiff previously filed for SSI benefits on May 21, 2010, and alleged a disability onset date of October 1, 2009.  Tr. 97.  Plaintiff's application was denied initially and on reconsideration.  Tr. 97.  An Administrative Law Judge (ALJ) held a hearing on June 11, 2012.  Tr. 59-93.  Plaintiff was represented by an attorney at the hearing.  On June 26, 2012, the ALJ issued an opinion in which he found Plaintiff was not

disabled and, therefore, not entitled to benefits.[2]  Tr. 97-106.

On February 12, 2013, Plaintiff protectively filed another application for SSI benefits in which Plaintiff alleges a disability onset date of September 1, 2009.  Tr. 19.[3] Plaintiff's application was denied initially and on reconsideration.  An ALJ held a hearing on April 7, 2015. Tr. 19, 37-58.  Plaintiff and a vocational expert (VE) testified. Plaintiff was represented by an attorney at the hearing.  On July 2, 2015, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 19-31.  On August 28, 2015, Plaintiff requested review by the Appeals Council.  Tr. 15.  On October 27, 2016, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner.  Tr. 1-4.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On December 29, 2016, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's October 27, 2016, final decision.

---

[2]  The record does not reflect Plaintiff appealed this decision.

[3]  Citations to the official transcript of record filed by the Commissioner on May 25, 2017, are referred to as "Tr."

## BACKGROUND

Plaintiff was born on July 12, 1978. Tr. 30. Plaintiff was thirty-four years old at the time of the hearing. Plaintiff obtained a GED. Tr. 41. The ALJ found Plaintiff did not have any past relevant work experience. Tr. 29.

Plaintiff alleges disability due to PTSD, depression, bipolar disorder, anxiety/panic disorder, and agoraphobia. Tr. 111.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 22-29.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d

881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the

Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

**DISABILITY ANALYSIS**

**I.    The Regulatory Sequential Evaluation**

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA).  20 C.F.R. § 416.920(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. § 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related

physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden,

the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since February 12, 2013, the application date.  Tr. 21.

At Step Two the ALJ found Plaintiff has the severe impairments of post-traumatic stress disorder (PTSD), affective disorder (described as bipolar disorder and depression), personality disorder, and carpal-tunnel syndrome.  Tr. 22.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 22-24.  The ALJ found Plaintiff has the RFC to perform light work.  The ALJ also found Plaintiff will need to alternate positions throughout the eight-hour work day and to change between sitting and standing every 30 minutes.  In addition, the ALJ found Plaintiff should be limited to simple, short, repetitive tasks and have only brief interaction with the public.  Tr. 24.

At Step Four the ALJ concluded transferability of job skills is not an issue because Plaintiff does not have past relevant work.  Tr. 30.

At Step Five the ALJ found, based on Plaintiff's age,

education, work experience, and RFC, that Plaintiff could perform other work in the national economy.  Tr. 30-31.  The ALJ cited two examples of such work that were identified by the VE:  office helper and photocopy-machine operator.  Tr. 30.  Thus, the ALJ concluded Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 31.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly rejected Plaintiff's subjective symptom testimony, (2) failed to find Plaintiff suffered other severe impairments at Step Two, (3) improperly evaluated Plaintiff's medical evidence, (4) improperly rejected the testimony of third-party witnesses, and (5) improperly found at Step Five that Plaintiff could perform other work in the economy.  Plaintiff also contends the evidence submitted to the Appeals Council supported a determination that Plaintiff is disabled contrary to the ALJ's decision, and the Appeals Council erred when it failed to find Plaintiff is disabled.

The Commissioner contends the Court should affirm the ALJ's decision because the doctrine of *res judicata* applies to the prior ALJ's June 26, 2012, opinion, and, therefore, the presumption of continuing nondisability applies based on the ALJ's conclusion in his opinion that Plaintiff is not disabled.

## I. The doctrine of *res judicata* applies to Plaintiff's claim.

The Commissioner contends *res judicata* applies to the prior ALJ's June 26, 2012, determination that Plaintiff is not disabled, and, therefore, further review of Plaintiff's claim is unnecessary. The Commissioner argues Plaintiff failed to show changed circumstances at the April 7, 2015, hearing before the current ALJ and on appeal to this Court, and, therefore, Plaintiff waived any argument that the current ALJ erred when he found there was not any evidence that Plaintiff's circumstances had changed since June 26, 2012.

Plaintiff, however, contends she provided new and material evidence at the April 7, 2015, hearing before the ALJ and to the Appeals Council on August 28, 2015, that showed a change in Plaintiff's circumstances and that such evidence contradicted the prior ALJ's decision.

### A. Standards

The Social Security Act provides "[t]he findings and decisions of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing." 42 U.S.C. § 405(h). In *Chavez v. Bowen* the Ninth Circuit observed "the principles of *res judicata* apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." 844 F.2d 691, 693 (1988). *See also Vasquez v.*

*Astrue*, 572 F.3d 586, 597 (9th Cir. 2009).

An earlier final decision that a claimant is not disabled creates a presumption in Social Security cases that the claimant continues to be able to work after that time. *Id.* When adjudicating a subsequent claim, the next ALJ applies the presumption of continuing nondisability and will determine the claimant is not disabled unless the claimant rebuts the presumption with respect to the already-adjudicated period. A claimant may rebut the presumption by showing a "changed circumstance" affecting the issue of disability such as an increase in the severity of the claimant's impairments, the existence of an impairment not considered in the previous application, or a change in the claimant's age category. Acquiescence Ruling (AR), 97-49(9)(Dec. 3, 1997), 1997 WL 742758, at *3. If the presumption is rebutted, the ALJ must adopt the findings made in the earlier ALJ's final decision, including findings regarding the claimant's education, RFC, or work experience unless there is some significant change in circumstances that would alter those findings. *Id.* "Adjudicators must adopt such a finding from the final decision on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the

finding or the method for arriving at the finding." *Id.*

## B. Analysis

The ALJ specifically noted the applicability of *res judicata* to Plaintiff's claim and the standard required by AR 97-4(9) and *Chavez v. Bowen* as follows:

> In accordance with Acquiescence Ruling 97-4(9)(see *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988)), consideration must be given to the "res judicata" effect of the prior (June 26, 2012) Administrative Law Judge decision, which became administratively final. Specifically, the prior decision of non-disability gave rise to a presumption that the claimant continued to be not disabled after June 26, 2012. The claimant, in order to overcome the presumption of continuing non-disability, must prove "changed circumstances" indicating a greater disability. "Changed circumstances" significant enough to rebut the presumption include a change in the claimant's age category under 20 CFR 404.1563 or 416.963, an increase in the severity of the claimant's impairments, alleged existence of an impairment not previously considered, or a change in the criteria for determining disability.

The ALJ then concluded:

> As will be discussed later in this decision, the claimant's subjective complaints and alleged limitations are out of proportion to limitations that would be reasonably related to medically determinable impairments, and there is little medical evidence of change in the claimant's functional ability or progression of her impairments since the prior Administrative Law Judge decision of June 26, 2012. The objective medical evidence does not indicate that the claimant has had an increase in the severity of her physical and mental impairments and suffers from severe physical and mental impairments not previously considered in the hearing decision dated June 26, 2012; therefore, the presumption of continuing non-disability applies.

Tr. 19.

Thus, the ALJ concluded the medical evidence did not support a finding of a change in circumstances. The ALJ found there was not any progression in Plaintiff's symptoms and, in fact, adopted the prior ALJ's RFC "because there has been no notable change [in Plaintiff's] condition" since the 2012 decision.

In June 2012 the prior ALJ found Plaintiff had not engaged in substantial gainful activity since May 2010, the date of the prior application. The prior ALJ also found Plaintiff had the severe impairments of carpal-tunnel syndrome, bipolar disorder, panic disorder, depression, PTSD, and obsessive-compulsive disorder, but he also found Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. The prior ALJ found Plaintiff had the RFC to perform light work with certain restrictions, including the following: the option to perform her work either sitting or standing and the ability to change her position every 30 minutes; to perform simple, short, repetitive tasks; and to perform work that required only brief interaction with the public. Plaintiff was 31 years old at the time of the prior hearing, had completed her GED, and did not have any relevant past work. After considering these findings, the prior ALJ concluded Plaintiff could perform other work that existed in

the economy in sufficient numbers and, therefore, was not disabled.

The current ALJ also found after a review of the record that Plaintiff has the severe impairments of PTSD, bipolar disorder, depression, personality disorder, and carpal-tunnel syndrome and that Plaintiff does not have severe impairments that meet or medically equal the listed impairments. The ALJ found Plaintiff has the RFC for light work with the same or similar limitations as found by the prior ALJ. At the time of the April 7, 2015, hearing Plaintiff was 34 years old. The current ALJ also found Plaintiff has not engaged in substantial gainful activity since February 12, 2013, does not have any past relevant work, and does not have any transferable skills. In addition, the ALJ found the medical record does not document any progression of Plaintiff's symptoms since the June 2012 decision, and, therefore, the ALJ adopted the prior RFC because there was not a notable change in Plaintiff's physical condition since the prior ALJ's decision. The ALJ concluded Plaintiff is able to perform jobs that existed in the national economy, is not disabled, and, therefore, is not entitled to benefits.

On this record the Court concludes the ALJ did not err when he found Plaintiff failed to show a change in circumstance sufficient to rebut the presumption of continuing nondisability, and, accordingly, the Court concludes the doctrine of *res*

*judicata* applies.

## II. The ALJ did not err when he found Plaintiff's testimony was not fully credible.

Plaintiff contends the ALJ erred by failing to provide clear and convincing reasons for discrediting Plaintiff's testimony.

### A. Standards

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment and must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity.  *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

### B. Analysis

The ALJ concluded Plaintiff's testimony was not credible regarding her allegations of total disability based on her activities of daily living and that her symptoms were not supported by the medical evidence.

## 1. <u>Activities of Daily Living</u>

The ALJ discounted Plaintiff's testimony on the basis that her daily activities are inconsistent with her claim of disability. Plaintiff, however, contends those activities are not inconsistent with her disabling level of pain nor with her inability to work on a full-time basis.

To support his conclusion the ALJ noted the record reflected Plaintiff lives with her two minor sons, performs housekeeping chores "a couple of hours" a day; cooks "real meals" a couple of times a week; is able to drive a car but does not drive because her license is suspended; uses the bus; shops; manages her medications; and helps her children with their homework. Tr. 25. "When evidence reasonably supports either confirming or reversing the ALJ's decision, [the court] may not substitute [its] judgment for that of the ALJ." *Baston v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004).

On this record the Court concludes the ALJ did not err when he discounted Plaintiff's credibility based on the ALJ's finding that Plaintiff's daily activities are inconsistent with her alleged disabilities.

2. **Medical Evidence**

Plaintiff testified to having bilateral carpal-tunnel syndrome and pain in her ankles, knees, low back, shoulders, elbows, and wrists. Tr. 25, 44-45.

The ALJ found Plaintiff's subjective testimony regarding these complaints was contradicted by the objective medical evidence. Tr. 25. The ALJ noted diagnostic and laboratory testing in 2009 showed negative findings of neuropathy, later imaging in 2012 of the cervical spine did not show any evidence of degeneration or herniation, and a consultative examination in 2013 found normal range of motion of the lumbar spine. Tr. 25

On this record the Court concludes the ALJ did not err when he found Plaintiff's allegations were inconsistent with the medical evidence because the ALJ provided clear and convincing reasons supported by substantial evidence for doing so.

In summary, on this record the Court concludes the ALJ did not err when she discounted Plaintiff's credibility because the ALJ provided clear and convincing reasons supported by substantial evidence in the record for doing so.

## III. The ALJ did not err at Step Two in his analysis of Plaintiff's severe impairments.

Plaintiff contends the ALJ erred at Step Two when he did not find Plaintiff had other severe impairments. Plaintiff argues

the medical records and opinions are sufficient to meet the *de minimis* standard of Step Two.

The Commissioner, in turn, contends the ALJ concluded Plaintiff had a severe combination of impairments at Step Two and thereby resolved the issue in Plaintiff's favor. Thus, any failure to include other impairments did not prejudice Plaintiff.

### A. Standards

The inquiry for Step Two is a *de minimis* screening device to dispose of groundless claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)(Step Two inquiry intended to identify claimants whose medical impairments are so slight that it is unlikely they would be found disabled). *See also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005)(Step Two impairment "may be found not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work."). Emphasis in original.

The claimant bears the burden to provide medical evidence to establish at Step Two that she has a severe impairment. 20 C.F.R. § 404.1512. An impairment or combination of impairments is "not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work ." *Webb*, 433 F.3d at 686. At Step Two the ALJ must consider the combined effect of all the claimant's impairments on her ability to function without regard

to whether each alone is sufficiently severe.  *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir.2003).  *See also Smolen v. Chater*, 80 F.3d 1273, 1289–90 (9th Cir.1996); 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 416.923.

The ALJ is required to consider the combined effect of all of the claimant's impairments on her ability to function. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003).  If the ALJ determines a claimant is severely impaired at Step Two, the ALJ continues with the sequential analysis and considers all of the claimant's limitations.  SSR 96–9p, available at 1996 WL 374184 (July 2, 1996).  Step Two is "merely a threshold determination of whether the claimant is able to perform his past work." *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007).  If an ALJ fails to consider limitations imposed by an impairment at Step Two but considers them at a later step in the sequential analysis, any error at Step Two is harmless. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).  *See also Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

**B.   Analysis**

The ALJ found Plaintiff has severe impairments of PTSD, affective disorder (bipolar disorder and depression), personality disorder, and carpal-tunnel syndrome.  The ALJ found Plaintiff does not have other severe impairments, but he considered all symptoms consistent with the medical evidence when determining

Plaintiff's RFC, which included limitations for changing her
positions throughout the day every 30 minutes whether sitting or
standing.  The ALJ also included in his evaluation of Plaintiff's
RFC a limitation for simple, short, repetitive tasks and only
brief interaction with the public.

The Court concludes on this record that the ALJ did not err
in his findings at Step Two, and any failure to find other severe
impairments at Step Two was not prejudicial.

## IV. The ALJ did not err in his evaluation of the medical evidence.

Plaintiff contends the ALJ erred in his evaluation of the
opinion of Scott Kaper, Ph.D., an examining psychologist, and
Emily Ketola, LCSW, Plaintiff's treating mental-health provider.

### A.   Standards

#### 1.   Treating Physicians

The opinion of a treating physician is generally
accorded greater weight than the opinion of an examining
physician, and the opinion of an examining physician is accorded
greater weight than the opinion of a reviewing physician.  *Ghanim
v. Colvin*, 763  F.3d 1154, 1160 (9th Cir. 2014).  To reject an
uncontradicted opinion of a treating physician, the ALJ must
provide "clear and convincing reasons that are supported by
substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216
(9th Cir. 2005).  To reject the a contradicted medical opinion,

the ALJ must articulate "specific, legitimate reasons" that are based on substantial evidence in the record. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). Sufficient reasons for rejecting an examining physician's opinion may include the physician's reliance on a claimant's discredited subjective complaints, inconsistency with the medical records, inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008).

Although a treating physician's opinion is generally afforded the greatest weight, it is not binding on an ALJ with respect to the existence of an impairment or the determination of disability. *Tonapetyan v. Halter*, 242 f.3d 1144, 1148 (9th Cir. 2001). "When confronted with conflicting medical opinions, an ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by the clinical findings." *Id.* at 1149. An ALJ may discount a doctor's opinion to the extent that it is unreasonable based on other evidence in the record and incompatible with a claimant's level of activities. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999).

### 2. Other Medical Providers

Medical sources are divided into two categories: "acceptable" and "not acceptable." 20 C.F.R. § 416.902.

Acceptable medical sources include licensed physicians and psychologists. 20 C.F.R. § 416.902. Medical sources classified as "not acceptable" include, but are not limited to, nurse practitioners, therapists, licensed clinical social workers, and chiropractors. SSR 06-03p, at *2. Factors the ALJ should consider when determining the weight to give an opinion from those "important" sources include the length of time the source has known the claimant and the number of times and frequency that the source has seen the claimant, the consistency of the source's opinion with other evidence in the record, the relevance of the source's opinion, the quality of the source's explanation of his opinion, and the source's training and expertise. SSR 06-03p, at *4. On the basis of the particular facts and the above factors, the ALJ may assign a not acceptable medical source either greater or lesser weight than that of an acceptable medical source. SSR 06-03p, at *5-6. The ALJ, however, must explain the weight assigned to such sources to the extent that a claimant or subsequent reviewer may follow the ALJ's reasoning. SSR 06-03p, at *6.

### B. Analysis

#### 1. Dr. Kaper

In May 2014 Dr. Kaper performed a psychological evaluation of Plaintiff. Tr. 741-51. In that evaluation Dr. Kaper indicated Plaintiff was "moderately limited in her

ability to interact with the public, supervisors, and coworkers."
Tr. 742. Dr. Kaper also stated:

> [Plaintiff's] Social Functioning is clearly
> impaired, though not such that it differs
> significantly from when she worked as a
> housekeeper, when she worked largely alone,
> without having to engage in any teamwork and with
> only minimal involvement from a supervisor.

Tr. 751. The form completed by Dr. Kaper defined "moderate" as a "more than slight limitation . . . but the individual is still able to function satisfactorily." Tr. 741.

The ALJ gave Dr. Kaper's opinion "great weight." Tr. 28. As noted, the ALJ included a limitation to "only brief interaction with the public" as part of Plaintiff's RFC, but did not specifically address interaction with supervisors or coworkers. Tr. 24. Plaintiff contends the ALJ erred by failing to include Dr. Kaper's finding of the limitation on Plaintiff's interaction with supervisors and coworkers. In turn, the Commissioner contends the ALJ was not required to assess any specific functional limitations because the definition of "moderate" as reflected in Dr. Kaper's evaluation indicates Plaintiff can function "satisfactorily" despite some limitations. The ALJ's RFC reflects the most a claimant can do despite her limitations. 20 C.F.R. 416.945(a)(1). The limitation on interactions with the public does not necessarily mean unlimited contact with supervisors and coworkers. Dr. Kaper noted despite Plaintiff's limitation on interactions with others, Plaintiff was

"still able to function satisfactorily." The ALJ's findings need only be consistent with relevant assessed limitations and not identical to them. *Turner v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). The fact that "moderate" is defined as "more than a slight limitation . . . but still able to function satisfactorily," indicated that a supervisor or coworker limitation would not necessarily affect Plaintiff's ability to function in the workplace. Plaintiff's RFC, therefore, although not identical, is consistent with the assessment limitations.

On this record the Court concludes the ALJ did not err in his assessment of Dr. Kaper's opinion because he provided legally sufficient reasons supported by substantial evidence in the record for his assessment.

### 2. LCSW Ketola

As noted, LCSW Ketola is Plaintiff's treating medical health-care provider. On April 2, 2015, LCSW Ketola completed an assessment form. Tr. 737-39. She noted Plaintiff's concentration, persistence or pace, social functioning, and activities of daily living were moderately limited by her impairments. Tr. 738. LCSW Ketola was "unable to determine" Plaintiff's mental RFC for various functional categories. Tr. 738. She stated, however, that Plaintiff would need to take unscheduled breaks and that Plaintiff "has difficulties managing stress so depending on environment stressors, [Plaintiff] may

benefit from breaks." Tr. 739.

The ALJ gave "limited weight" to LCSW Ketola's opinion "because she is a licensed social worker and is not considered an acceptable medical source under SSR 06-3p, even though her opinion is largely consistent with Dr. Kaper's opinion." Tr. 29.

Plaintiff contends the ALJ failed to evaluate LCSW Ketola's opinion adequately and improperly rejected her opinion. In turn, the Commissioner contends the ALJ properly discounted LCSW Ketola's opinion because she is a "not acceptable" medical source and the ALJ properly relied on the credited opinion of Dr. Kaper. In addition, the Commissioner contends the ALJ properly discounted LCSW Ketola's opinions that were inconsistent with the medical evidence. According to the Commissioner, even if the ALJ erred in his evaluation of LCSW Ketola's opinion, it was harmless error.

The ALJ is required to consider opinions from "not acceptable" sources using the same factors as applied to medical-source opinions and "generally should explain the weight given" to such opinions. 20 C.F.R. § 416.927(f). The ALJ, however, only needs to give "arguably germane reasons" to discount other-source statements and need "not clearly link his determination to those reasons." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

The ALJ discounted some of LCSW Ketola's opinion "because she did not support her opinion with the appropriate clinical findings," she "did not document objective findings in the treatment notes," and her opinion that Plaintiff was not able to handle stress was inconsistent with Dr. Kaper's opinion.

On this record the Court concludes the ALJ did not err when he gave "little weight" to LCSW Ketola's opinion because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## V. The ALJ did not err when he rejected the lay-witness testimony of Elizabeth McIlmoil.

Plaintiff contends the ALJ erred when he failed to give reasons that are germane to the lay-witness statements of Plaintiff's sister-in-law, Elizabeth McIlmoil, regarding Plaintiff's impairments and limitations.

### A. Standards

Lay-witness testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir. 2001). The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1054 (9th Cir. 2006). Nevertheless, an ALJ is not required to address each lay-witness statement or testimony on an "individualized, witness-by-witness-

26 – OPINION AND ORDER

basis.  If the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Molina v. Astrue,* 674 F.3d 1104, 1114 (9th Cir. 2012)(quotation omitted).

Germane reasons for discrediting a witness's testimony include inconsistency with the medical evidence and the fact that the testimony "generally repeat[s]" the properly discredited testimony of a claimant.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).  *See also Williams v. Astrue*, 493 F. App'x 866 (9th Cir. 2012).

### B.  Analysis

The ALJ gave "limited weight" to McIlmoil's statements on the grounds that she reported symptoms for which she could not have personal knowledge, her testimony was internally inconsistent, and her testimony was inconsistent with the medical records and Plaintiff's own testimony about her activities. Tr. 29.

For example, McIlmoil stated Plaintiff suffered from anxiety, that it was difficult for her to leave her home, and that she had difficulty standing.  McIlmoil, however, stated Plaintiff would go for walks and was able to clean her house.  In fact, the ALJ noted Plaintiff testified she walked a mile back and forth to her doctor's office.  Although McIlmoil described Plaintiff as having mental and physical limitations, she stated

Plaintiff finishes what she starts, pays attention, follows written and spoken instructions, and enjoys sewing. On the basis of such inconsistencies, the ALJ discredited McIlmoil's statements.

The Court concludes the ALJ did not err when he gave limited weight to McIlmoil's statements because he provided legally sufficient reasons supported by the record for doing so.

**VI. Evidence submitted to the Appeals Council did not invalidate the ALJ's decision.**

Plaintiff contends the Appeals Council erred when it failed to remand this case to the ALJ for consideration of the new evidence submitted by Plaintiff to the Appeals Council after the ALJ's decision.

Plaintiff timely provided the Appeals Council with additional evidence that included an opinion on January 13, 2015, of K. McAuliffe, M.D., a consulting physician for the State of Oregon Vocational Rehabilitation Division. Tr. 752-53. The Appeals Council reviewed the additional evidence, but it declined to review the ALJ's decision on the ground that "there was no abuse of discretion and that no other basis exists to grant review." Tr. 2.

Plaintiff, nevertheless, contends the new evidence, when considered with medical-opinion evidence the ALJ rejected, demonstrates Plaintiff is unable to maintain regular, continuing employment. The Commissioner, in turn, contends the new evidence

submitted by Plaintiff to the Appeals Council "did not deprive the ALJ's decision of substantial evidence."

## A.    Standards

When a claimant "submits evidence for the first time to the Appeals Council and the Appeals Council considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r. of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012). New evidence is material if it bears "directly and substantially on the matter in dispute." *Luna v. Astrue*, 623 F.3d 1378, 1380 (9th Cir. 2010). Remand is necessary when the material evidence gives rise to a "reasonable possibility" that the new evidence might change the outcome of the administrative hearing." *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380-81 (9th Cir. 1984). *See also Borrelli v. Comm'r. of Soc. Security*, 570 F. App'x 651, 652 (9th Cir. 2014). The Court, therefore, considers Dr. McAuliffe's opinion. *See Brewes*, 682 F.3d at 1159-60, 1162-63.

## B.    Analysis

Dr. McAuliffe noted Plaintiff's prognosis was "difficult to determine as most complaints are by her report only, she has had only short-term jobs, dropped out of programs

or changed providers frequently and her stated goal is to get evidence that she can't work to qualify for disability benefits." Tr. 752. Dr. McAuliffe found Plaintiff "should limit repetitive forceful hand and wrist movement," and she "might benefit from wearing her braces." Tr. 752. Dr. McAuliffe concluded Plaintiff "should be able to do light work; flexibility to vary positions will be more important than a sedentary job." Tr. 753.

On this record the Court concludes the evidence submitted by Plaintiff to the Appeals Council after the ALJ's decision is not inconsistent with the ALJ's decision, which is supported by substantial evidence in the record.

## VII. The ALJ did not err at Step Five.

Plaintiff contends the ALJ erred at Step Five by failing to include all of Plaintiff's limitations in his hypothetical posed to the VE and when he found Plaintiff is able to perform jobs that exist in the national economy. The Commissioner, however, contends the ALJ did not err at Step Five because the ALJ's hypothetical to the VE properly included those limitations that were supported by credible evidence in the record.

### A. Standards

"An ALJ must propound a hypothetical question that is based on medical assumptions supported by substantial evidence in the record that reflects all the claimant's limitations." *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). "The

hypothetical should be 'accurate, detailed, and supported by the medical record.'" *Id.* (quoting *Tackett*, 180 F.3d at 1101). It is proper, however, for an ALJ to limit a hypothetical to those impairments that are supported by "substantial evidence in the record." *Id.*

**B. Analysis**

As noted, the ALJ found Plaintiff has the RFC to perform light work, including the limitations of having to change positions every 30 minutes; to perform work either sitting or standing; to perform tasks that are simple, short, and repetitive; and to do work requiring only brief interaction with the public. Tr. 24. At the hearing on April 7, 2015, the ALJ posed a hypothetical to the VE that included all of the limitations from his evaluation of Plaintiff's RFC. Tr. 54-56. Based on that hypothetical, the VE testified a claimant with those limitations could perform the jobs of office helper, photocopy-machine operator, and bench assembler. Tr. 55-6.

On this record the Court concludes the ALJ did not err at Step Five when he relied on the VE's testimony based on the ALJ's hypothetical that included those limitations supported by substantial evidence in the record and, accordingly, found Plaintiff could perform jobs that exist in the national economy.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 25th day of January, 2018.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States Senior District Judge